In re Itella International LLC, Jacob Itzkiewicz appearing for appellant, Randy S. Snyder appearing for appellee. Okay, Mr. Itzkiewicz, you want to reserve some time for rebuttal? Yes, your honor, please. 3 minutes. 3 minutes. Okay. Go ahead. Thank you. Good morning, and may it please the court. Appreciate your time. This is a fairly straightforward case. The issue is that appellee Grateful Eggs request for allowance and payment was granted by the court, and the order that the Bankruptcy Court issued was done without notice or a hearing, which was error. We are simply asking that this court vacate the Bankruptcy Court's order denying reconsideration and remand the matter back to the Bankruptcy Court with instructions to grant the order for the motion for reconsideration and allow us to have a hearing on the claim that was granted. I'll give you a little bit of the back story and then. Well, let me jump in. Wouldn't you agree that Grateful Egg did everything that was required under the administrative bar order? No, your honor, I would not. The administrative bar order states that if there is a dispute between the parties as to the claim, and they are not able to resolve it, then the debtor is to set a hearing. There was an initial effort to resolve the claim in January of 2024, I believe, and then there was never an indication that there was an impasse between the parties, nor is there notice provided to the debtors or to the liquidating trustee that there was an impasse, that there was a failure to resolve the claim. And then. Would that result in an order being entered? Well, your honor, it would, but the next step was that there was supposed to be notice of that order being provided to us, which opposing counsel admits in the. Where did that requirement come from? It's not in the bar order, is it? It's not in the bar order? No, it's in the bankruptcy procedures, as my understanding is, under the Ninth Circuit bankruptcy procedures, you file under the lieu system a notice of lodgment of an order, which then would have given us notice and an opportunity to object. As opposing counsel notes in the transcript, there was a clerical error and that notice of lodgment was never entered. So we never had noticed that the pending order was before the judge, so we never had an opportunity to object or request a hearing. But you had notice, I mean, it was on the file, right? The request was on file, so you had at least constructive notice that it was there, correct? So this is an important point. The claim, the request for allowance and payment was on the record and we did have notice, excuse me, of the claim. We did not have notice of a pending order and that's an important distinction that was conflated at the bankruptcy court. Yes, go ahead. Let's pause on that for a second. I mean, doesn't that suggest that the problem was not really a notice problem, it's sort of a triggering problem, if I'm hearing you correctly. There's something else. I mean, it's not, this is not malign notice. You fully knew what the possibilities were, right? You just didn't know it was being triggered. Is that a fair assessment? Yes, that's a good way to put it. That's not a malign issue, right? That's something else. That's kind of an internal administrative mistake or something. I don't know what. Yeah, I think opposing counsel put it well in the transcript at the bankruptcy court. There was a clerical error and the notice was never lodged via the lewis system. Yes, I mean, if you look at the timeline, right, the request for allowance and payment. So essentially the claim, the grade four leg file on the docket was filed in January of 2024. And 10 or 11 months passed. And then all of a sudden the order was issued in November of 2024, granting the claim. That's not all of a sudden if it's 11 months later. Well, as far as we were concerned, it was all of a sudden. It might have been abrupt. It wasn't sudden, right? Yes, you're right. At the same time, right, there were 60 odd other administrative claims on the docket. None of those claimants moved for an order. The judge did not issue an order on any of those for payment. And this is important. The estate at the time was administratively insolvent. And there was no deadline in the administrative claim bar order for us to file objections. So when we, the liquidating trustees, counsel took over in May, there was no reason for us to believe that any claim on the docket was pending or that there would be an abrupt issuance of an order that we needed to be aware of. All you had to do was set them all for hearing, right? The bar order contemplates that if the debtor or the committee, and I think probably the liquidating trustee, steps into the shoes of the debtor, if there's a dispute that can't be resolved, you give notice and set it for hearing. And that's going to forestall the entry of an order, right? Yes, Your Honor. And we, in fact, did that. Coincidentally, the day after the order was granted for Grateful Egg's claim, we filed our required report as the liquidating trustee. That's just how the dates were calendared. And in that report, we noted that we were reconciling and reviewing administrative claims and would be shortly filing objections. And, in fact, since that date, have filed a number of omnibus and individual objections and resolved every single, I believe, every single other administrative claim on the docket, except for this one. So we were in the process of figuring out how much money the estate had, what we could pay, what we could object to, and have since resolved those. But we were not aware, because we had no notice, that we needed to be on alert for this particular claim to be paid without notice or hearing. And so because there was no notice of lodgment filed via the lease system, we had no opportunity to object. And we believe there are significant grounds to object. And I don't think we need to get into the merits of the claim at this point, unless the court would like to. But we believe there are significant grounds to object to at least portions of Grateful Egg's claim. And, therefore, we believe there'd be prejudice if it's allowed to be paid out, you know, without hearing and without notice. I mean, I'm happy to dive into it a little bit more if you'd like, or I'm happy to reserve the balance of my time. All right. Solid. We don't have any questions for you at this point. So maybe you should just reserve. That sounds good. Thank you. Okay. Mr. Snyder, please go ahead. I'd like to thank the panel for taking the time to hear this. Thank you. And this is actually, I think, as Mr. Isko said, pretty straightforward. We have the order of the court, which set forth the process for the hearing on administrative claims. The administrative claim was timely filed. Notice was given to debtors' counsel. Debtors' counsel acknowledges that they knew about the claim. No action was taken. The administrative problem that Mr. Iskowitz refers to is that the order wasn't filed through the loose system as fast as it should have been. Too much – a lot of time did pass, but that doesn't – It's not so much that it wasn't as fast as it should have been, but there wasn't notice of the lodgment given. So why wasn't notice of lodgment given? Your Honor, I have – it wasn't done. I can't answer it. I'd like to know the answer myself, but that would probably be a problem on our end. But I don't think – but I think it's a problem without a distinction here because debtor and their counsel knew of this. They had months to take action. Prior counsel, Todd Arnold, who has acknowledged that he received the administrative claim and who set up the whole administrative claim process, knew about this. And this case has been troubled since the day it was filed vis-a-vis this creditor. This creditor has been abused to no end. And this is just more continuing abuse, which is why we have this entire – which is why we have the entire process. The process was the lease should have been rejected. Lease wasn't rejected. The debtor wanted to use the lease beyond the rejection period. If they had timely rejected, we wouldn't be here. The issues that are a challenge under the administrative claim would never have triggered. So it's the debtor who basically set all of this up. And then the liquidating trustee comes in and says, oh, no, we're surprised by this. And we shouldn't have to pay an agreed-upon administrative claim that was the subject of – which was the subject of a lot of litigation and the subject of a, essentially, settlement by virtue of a stipulation. Creditor did everything it was required to do. Debtor was on notice. Liquidating trustee comes in much later and says, oh, no, this isn't correct. I think it's all pretty simple from – on the procedural aspect. I think that the court – that the trial judge had it right as to whether or not this – the timeliness of the – the timeliness. This is not a 59D motion to alter or amend the judgment. It's something different. They're seeking relief from a final judgment under 60B. I got – I have to confess, you both used the term the loo system, and I'm not familiar with that. Can you tell me what that means, where it comes from? That's – yes, that's the lodge or in the central district, there's a nine – there's a requirement that we upload proposed judgments via the – via a lodgement as opposed to the general filing. And I think we lodge using word copies instead of PDFs. Oh, I see. So it goes – it goes sort of outside of CMECF. It's a separate – It's part of CMECF, but it's a – it's just a different – it's a different branch, if you will, as I understand it. The notices of lodgement end up on the main case docket or are they maintained someplace else? Do you know? I'd have to look at – I would really have to look at it to double check. But as far as I – I can – as far as I know, at least Todd Arnold should have received notice of this debtor's counsel. And let me – and there was – there was no attempt to hide this from debtor's counsel or, you know, the debtor. This was really just trying to finish something up where debtor or liquidating trustee set their own rules. And now they're complaining that they've been, you know, hoisted on their own petard, so to speak. This was their request that they – and the burden fell strictly upon the debtor to file their – to file a motion in challenge. And we've already established that they knew about it. So it is pretty – it is pretty straightforward. I believe that the trial court was absolutely right in its ruling. If we want – I don't know if the court is inclined to delve into anything more or if we're only going to address the procedural aspects because there's two aspects to the appeal. The first is whether or not – whether or not it was set on 14 days notice. And the second question is the submission of the communications between the debtor – between the debtor's counsel and my office. And I don't know if we need to address that. I think we've briefed it. I think that FRE Rule 408 takes care of it. We're not submitting it for the truth of the matter asserted. It just goes to whether or not there was notice. So the communication itself is immaterial. And I think the court – the trial court was correct in that also. It's been briefed. And I do – and I do believe that this is – that this appeal, in my estimation, is bordering on frivolous. Yeah, counsel, let me pick that up then because the problem with the claim bar notice is it imposes – don't set any matter for hearing. It doesn't really go into when the objection is due. And it doesn't really address when the order should be entered, does it? I think that the – no, I would say that it doesn't set a time, but I think that it required everybody to act expeditiously. Where is that imposed? Is that rule, statute, order? Where do we find that? I don't think you're – I don't think you're going to find it except for common practice imposes upon attorneys a requirement that we act and not let something sit. Part of my problem – part of my problem is the other side of the coin to your argument that this is simple and they could have set it. The other side of it is you could have set – forwarded your order prior to confirmation apparently and never had to deal with. So I mean why wasn't it – why wasn't it filed much earlier? And when should it have been? It should have been filed earlier. It would have been much better if it had been filed earlier. I don't know – but I don't know – and I don't know that it would change anything if I had filed it. It kind of does though, doesn't it? Because I think from hearing your argument, you're arguing that the liquidating trustee is bound in a complete overlap to the debtor. And that's not quite true though, is it? I'm not sure that it's quite true, but the liquidating trustee was on notice of – in fact, was on notice of the court's bar dates. They certainly said – they tried to suggest in their papers that we blew the bar date. The liquidating trustee makes no mention of the stipulation on the bar date in any of their moving papers until much later on and really in this hearing. And they didn't even cite it in their original moving papers that were filed with the court. At some point, I think the problem with what the debtor set up is this was the debtor's own request. And we were – we followed the court order that said if there's no – if there's no obligate, if they don't oppose, then it's deemed admitted. Isn't there something inherently problematic with the structure? I mean, it says don't do anything until you try to work it out and then set it on. But it never gives the rest of the story. It never says the objection and the conclusion. Within such time, then file a certificate of no objection or whatever is the local rule there to say that's unopposed. I don't know that there is anything. And again, all we have to work off of is the courts or is the proposal from – I think we have to come back to the fact that this was a methodology laid out by the debtor. This was not the court's order. This was done by stipulation or by request of the debtor. The debtor set up their own procedure and debtor's counsel sends one email saying, well, we want to apply the – we want to apply the letter of credit. They never take any action. And by the way, the stipulation for the turnover order was heavily contested, as I pointed out. So there was no surprise as to what the administrative claim was. Debtor's counsel was well aware of it. Debtor's – if there's going to be fault, it's at debtor's counsel for not filing a motion and for letting this sit out there. Now, Mr. Iskowitz and his firm and the liquidating trustee certainly came along much later. But by then, the horse was out of the barn. And I – Well, are you – I hear what you're saying. Are you suggesting that somewhere out there in practice or we should come up with a rule that after X months, it's just late? That's kind of what I hear you saying. No, I wouldn't – I would never be that bold to say that. Well, maybe you need to be. So think about it. Well, let me – I will respond in this way. If there was such a rule, it would certainly – it would certainly be beneficial to everybody not to have an open-ended procedure like this because everybody would know what the rules were. Well, it could be based on length of time prejudice. I don't think that's the case here necessarily. You could base it on other things. I – I'm just a practitioner. I try to stay away from some of those more lofty concerns that – When was the order presented to the court? Do you remember? The original order? Yeah. Well, the order allowing your claim. Did it sit in the judge's inbox for a few months or did you – No. Actually, the judge turned it in a couple of days.  That I can tell. That I can tell. Is that in the record? I can't tell you. I can represent to this court, though, that the lodged order was submitted on approximately the 9th of November in 2024. Thanks to the miracles of modern technology, my law clerk has sent me some provisions from the local rules and the central guide. And there is a provision in the central guide that describes the lieu system. And it says, among other things, a proposed order or judgment must be served on other parties only when parties filed an opposition to the motion or other request or in other – certain other circumstances. If these conditions do not exist, there is no reason to serve the proposed order before lodging it with the court. Now, I think Mr. Iskovitz is going to say, well, that's all well and good, but there's no deadline to file an objection. So it doesn't really solve the question. But I think the – my point is that it doesn't seem to me that the local rules, the lieu system local rules really help much on the specific case in this – problem in this case. And of course, Your Honor, I would say that they help a lot because we had – because under the provision provided to you by your clerk, we adhered because there was no – we didn't have anything – we didn't have anything pending. The stipulation, again, put the burden on the debtor to time to take action. And when they didn't, all we were required to do was to upload the order. Let me put it this way. Suppose you'd upload the order the day after you filed the request. That would be a problem, right? I would say – I would have to believe that it would be, Your Honor. So there has to be some opportunity for this meet and confer process contemplated by the order to play out, right? But in this – sure, but in this case, it occurred. I mean, we know that because there was communications. I don't want to get too deeply into the weeds here, but the way I read those communications, wasn't there at least an open question about some of the – wasn't the communication not just the letter of credit, but, you know, we've got some questions about two aspects of this? There were – unfortunately, it's not in the record, but there were oral discussions, and there were oral discussions for months between my office and Mr. Arnold regarding this. Which suggests it wasn't resolved. Well, the resolution was the stipulation that said that everything – anything – all the expenses would be paid. Unfortunately, again, Debtor's Counsel set this up. Okay, then let me give you more precisely my question. The way I – maybe I have the timeline wrong here. The way I read it was the claim gets filed, and then I thought there was a communication, which I thought you referenced, which you make reference to the letter of credit. I thought that communication also said, we're not so sure about a couple of these categories. Is that fair or not? I think that's a fair – I do believe that that is – Okay, and then we don't know what happened after that. I mean, it doesn't sound like that's resolved. The resolution was that they – my time's burning down, but the resolution was that they – Didn't follow an objective. They – basically, by going silent, they decided, from my point of view, by not taking action when they were on notice, they made an election not to challenge. Now, granted, the liquidating trustee walks into this, but by the time – as I said, by the time the liquidating trustee gets there, it's pretty much – it's already – the time has already passed. From our point of view, because it was on the debtor's counsel to challenge this. And I know – I understand that the panel's a little bit troubled by this, but we were – but I would have happily brought a motion if we needed to. Unfortunately, we were not in a position to do that. That was the debtor's burden by its own rules. Okay. All right. Thank you. You've gone through your time. Thank you very much. Let's go back to Mr. Iskowitz. I think you've heard – well, go ahead. You've got about nine minutes. Yeah, no, as you can imagine, I have a couple points to make. You know, I just want to start on a couple of things. You know, Judge Harris, I think you made a good point that, you know, the lewis system doesn't necessarily answer the question here and doesn't really let us know whether notice was required because it doesn't tell us where the status of the claim was. But as Judge Lafferty pointed out, if you look at the record, the last communication we have in the written record is a January 23rd email correspondence where opposing counsel, Mr. Snyder, says, I'll get back to you. Let me talk to my client. Which does not suggest to us as counsel's liquidating trustee that there is an impasse that requires the setting of a hearing. We were not at the point where – I agree with Mr. Snyder. At some point, common sense has to – you could – so it sits in stasis and 10 years down the line, it's still out there. That can't be the case in 10 years turns into 10 months. I mean, there is a reasonable aspect of this, isn't there? You're absolutely right, Your Honor. And as you pointed out, there is no deadline here to object. That's a debtor's call. I mean, of course. The other one is that you file your application, you set it for a hearing, and there's a deadline for objection. The debtor chose not to do that. And it wasn't like this was the first thing that happened upon the liquidating trustee's appointment. I mean, there was several things played out. That's absolutely true. We did take some time to review all the admin claims. As I noted, the state was insolvent, and so we didn't feel we were in a position to object to anybody or pay anybody until we had our arms around all the claims. I do think there is a reasonableness limit to how long a claim can sit there before a claimant is paid, before a creditor gets paid. But I don't think that this – in this case, we were pushing so far up against the limit of reasonableness that it made sense for us to anticipate this. Did she implicitly disagree with that? I'm not sure that she did. I will take a look. That's not my recollection that she – I mean, I guess the fact that she issued it, but she issued it. I don't think. But isn't that kind of the necessary inference for what she did? But she didn't issue the orders to respond to it, right? I mean, she – as we have discovered, she issued it in response to a large – But that's not how things generally work. I mean, you have to get – something has to trigger it for us as bankruptcy judges eventually. Those are the other things to deal with. Can I ask you a slightly different question that's now bugging me? Of course. Like Judge Ferris, I just took advantage of my second screen here. The appellate briefs are blessedly short. And one thing I noticed is that the lodgement argument that you're making now first occurs in your reply brief. It's not in your opening brief. If you think there's any significance to that or if you recall what it was in the responsive brief that caused you to bring up the lodgement issue for the first time in the reply, I'd be grateful to know it. I mean, I think one answer to that is that I'm not – I'm not always a bankruptcy practitioner. I have a fairly varied practice. And so I was getting immersed in the record and the case as I was drafting. But I think the other is that as we sort of peeled the layers of the onion here and discovered some of the issues, we realized that there was a failure to notify not only on the fact that they were seeking action on their claim, but also that they had – we sort of – it occurred to me and to us that they had – there must have been a triggering event. There must have been a proposed order filed, which we realized was not filed via the loose system. Well, I mean, look, you may not be able to answer this, but was there something in particular in the responsive brief that reminded you, oh, gosh, yeah, this is an issue? Because it's just nowhere in your opening brief. Yeah, not that I recall. But I will try to look briefly. A couple other points I wanted to touch on. You know, I think it is important briefly to get into the merits of the claim. I know that I declined to do so at the beginning. But, you know, Mr. Schneider did raise some points. There is a significant dispute as to the value and the appropriateness of brief-like administrative claim. And in particular, as he alluded to, there's a half-a-million-dollar letter of credit that they applied to their general unsecured claim and not to their admin claim, which is a significant chunk of their payment that they're seeking that we don't think was appropriately applied to their, you know, their non-priority claims and should have applied to their admin claim, which would significantly reduce the value of that claim and, therefore, provide additional resources for other creditors and other admin creditors. That's a pretty important point that was not fully discussed, was fully briefed on the motion to reconsider, but was not fully discussed because there was no hearing on the request for allowance and payment. So, you know, that is an important issue that we think should be kicked back to the Bankruptcy Court so that there can be a full and fair hearing on whether that is an appropriate amount of that admin claim. And Mr. Schneider does point out that the parties reached an agreement by stipulation to resolve some of the issues. That stipulation does not include the amount of the claim to be paid. It states that it is rent and other costs to be paid through the end date, so through the rejection date and the vacant, the date that the debtors vacated the premises. We don't agree that the amount in the claim is the amount of costs up through the end date as stipulated by the parties. So that is another material issue that needs to be heard at a hearing. And that's the proration of the insurance issue, is that what you're alluding to? Exactly, yes. But didn't the landlord pay the full amount of the insurance prior to the end date? But under Ninth Circuit law, the accrual rule applies. And so what was accrued for the 16 days of January that the debtor held the premises is one small percentage of the annual, whether or not it was paid. That even includes an out-of-pocket expense that the landlord incurred without any evidence that the landlord could get a return premium back from the insurer to whom it paid that premium? Well, they need to pay that premium for that property regardless. And the flip side of that coin is... Maybe they don't. We don't know whether they carry the same insurance that the lease requires. But the flip side of that coin is that they also profited from rent paid by stipulation by the debtors while they held the premises, which they would not have benefited from had we not been in possession. So I don't think that you can take the one without the other. And to answer your question earlier, I can't remember who asked the question, but the notice of lodgment orders are filed essentially via UCF. I think it's a slightly different system, but the parties receive the same notice via email. So we would have received it. But I think that system, we don't have it. The central district has these very well-thought-out processes, and we're a little more informal than that. But in my court anyway, the reason for that whole process is to make sure that the order conforms to what the court did, what the motion reflects and what the court ruled on that motion. It's not meant to trigger an opportunity to object or argue again. I mean it's all about the form of the order, not about whether there should be an order or should be the motion granted at all. I mean isn't that normally the case in the lodgment process? Yes, but the fact that a proposed order had been lodged would have given us notice that one of the creditors was moving forward in a way that the others were not and would have expedited our review as the Ligurian trustee to make sure that we were reviewing all the claims and objecting to those that we didn't think should be paid. I know I'm running short on time. I just want to end on what I think is an important point, which is, again, the lack of prejudice. If this court vacates the bankruptcy court's denial of motion to reconsider and remands this back to the bankruptcy court with orders to grant the order for reconsideration and either order a hearing on Grateful Egg's claim or do nothing and allow us to file objections to Grateful Egg's claim as would be the normal course of business, Grateful Egg will have an opportunity to make their case on the merits as to whether they're entitled to payment on all of their admin claim. That the stipulation language covers the full value of the claim and that this is an appropriate payment. And if they are correct, they will be paid 100 cents on the dollar of their claim. There is funding in the estate to pay all the admin claims, including this one. And there will be no prejudice, aside from Mr. Snyder's time, to that process. If the bankruptcy court does not vacate the motion to reconsider or the order denying motion to reconsider, then the amount of the claim that should not have been paid will be removed from the estate and no longer available to pay other creditors. Okay. All right. Thank you very much. You're exactly at the end of your time point. So thank you for that. The matter is submitted. Thank you. Thank you, Your Honors. Thank you.
judges: Faris, Lafferty, and Spraker